George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 S. Eastern Ave., Suite 100
Las Vegas, NV 89123
(702) 880-5554
ghaines@freedomlegalteam.com
*Attorneys for Plaintiff John Desalvo*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| John Desalvo, | Case No.: 2:24-cv-01965 |
| Plaintiff, | **Plaintiff's Motion to Extend Time to Serve Defendant Clarity Services, Inc.** |
| v. | |
| Clarity Services, Inc., | |
| Defendant. | |

John Desalvo ("Plaintiff") respectfully moves this Court, for an additional 60 days to serve Clarity Services, Inc. ("Defendant") by or before **April 25, 2025**. This motion is based upon the accompanying Memorandum of Points and Authorities, all papers and records on file herein, and on such other information as the Court may choose to request.

**Memorandum of Points and Authorities**

**I.    Introduction**

Plaintiff filed the initial Complaint in this action on October 22, 2024. Comp., ECF 1. Plaintiff seeks additional time to serve the Complaint upon Defendant. However, the 90 day period specified in Federal Rule of Civil Procedure 4(m) for

Plaintiff to effectuate service on Defendant has expired. Accordingly, Plaintiff hereby requests an additional 60 days to effectuate service of the Amended Complaint on Defendant by or before **April 25, 2025**.

**II.     Legal Standard**

Federal Rule of Civil Procedure 4(m) states "If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The United States Court of Appeals for the Ninth Circuit has stated that the provisions of Rule 4 should be given a liberal and flexible construction. *See United Food Commercial Workers Union Local 197 v. Alpha Beta Food Co.,* 736 F.2d 1371 (9th Cir. 1984). Many other courts have made similar statements. *See, e.g., Nowell v. Nowell,* 384 F.2d 951 (5th Cir. 1967), *cert. denied,* 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968); *Karlsson v. Rabinowitz,* 318 F.2d 666 (4th Cir. 1963); *Rovinski v. Rowe,* 131 F.2d 687 (6th Cir. 1942); *Insurance Co. of North America v. S/S "Hellenic Challenger",* 88 F.R.D. 545 (S.D.N.Y. 1980); *Nichols v. Surgitool, Inc.,* 419 F. Supp. 58 (W.D.N.Y. 1976); *Blackhawk Heating Plumbing Co. v. Turner,* 50 F.R.D. 144 (D.Ariz. 1970); *Adams Dairy Co. v. National Dairy Products Corp.,* 293 F. Supp. 1164 (W.D.Mo. 1968); *Hysell v. Murray,* 28 F.R.D. 584 (D. Iowa 1961); *Frasca v. Eubank,* 24 F.R.D. 268 (E.D.Pa. 1959); *James v. Russell F. Davis, Inc.,* 163 F. Supp. 253 (N.D.Ind. 1958); *Blane v. Young,* 10 F.R.D. 109 (N.D.Ohio 1950); *Leigh v. Lynton,* 9 F.R.D. 28 (E.D.N.Y. 1949); *Zuckerman v. McCulley,* 7 F.R.D. 739 (E.D.Mo. 1948), *appeal dismissed,* 170 F.2d 1015 (8th Cir. 1948).

///

### III. Good cause exists for this Court to grant Plaintiff additional time to effectuate service on Defendant

At a minimum, "good cause" means excusable neglect. *Boudette v. Barnette* 923 F.2d 754, 755 (9th Cir. 1991). A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987).

Here, good cause exists for this Court to grant Plaintiff additional time to effectuate service because Plaintiff did not serve the Amended complaint upon Defendant prior to the period specified in Rule 4(m) due to excusable neglect. Although Plaintiff filed a proposed summons to be issued, Plaintiff failed to send the issued summons out for service due to a clerical error by Plaintiff's counsel's office.

In addition, when considering the *Hart* factors, this Court should conclude that good cause exists to grant Plaintiff additional time to effectuate service:

a) **Defendant did not receive actual notice of the existence of the lawsuit**. Here, Defendant was not timely served with a summons and a copy of the initial Complaint, and to Plaintiff's knowledge has not received actual notice of the lawsuit. Accordingly, Plaintiff respectfully requests additional time to effectuate proper service upon Defendant.

b) **Defendant would suffer no prejudice**. Defendant would not be prejudiced by delay in service of process because the delay will not be so significant that Defendant could not mount an effective defense once served.

c) **Plaintiff would be severely prejudiced**. Plaintiff would be severely prejudiced if Plaintiff's claims against Defendant are dismissed for failure to effectuate service because Plaintiff would be forced to re-file claims

against Defendant to seek redress for the harms incurred due to Defendant's unlawful conduct described in the Complaint.

Plaintiff respectfully requests that this Court allow additional time to serve Defendant with the Complaint because good cause exists for the failure to timely serve Defendant.

## IV. Conclusion

For the foregoing reasons, Plaintiffs asks that this Motion be granted and the Court grant Plaintiff an additional 60 days to effectuate service of the Complaint on Defendant by or before **April 25, 2025**.

Dated this 25th day of February, 2025.

Respectfully submitted,

**FREEDOM LAW FIRM, LLC**
/s/ George Haines
George Haines, Esq.
Gerardo Avalos, Esq.
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
*Attorneys for Plaintiff*

IT IS SO ORDERED.
Dated: February 26, 2025

Nancy J. Koppe
United States Magistrate Judge

MOTION — 4 —